QUESTIONS:
1. Do the expenditure limitations in s. 10 of Ch. 73-128, Laws of Florida (s. 106.10, F.S.) apply to candidates for congressional office?
2. When is the earliest time that an independent candidate may qualify for office?
3. When may an independent candidate begin making expenditures for the items listed in s. 15(1) of Ch. 73-128, Laws of Florida (s.106.15(1), F.S.)?
SUMMARY:
The expenditure limitations in s. 10 of Ch. 73-128, Laws of Florida (s. 106.10, F.S.), do not appear to apply to candidates for congressional office. In the absence of statutory provision, the earliest date upon which independent candidates are allowed to qualify for office should be the same as the first day on which other candidates are permitted to qualify. An independent candidate cannot make an expenditure prohibited by s. 15(1) of Ch. 73-128 [s. 106.15(1), F.S.] until his qualification has "become official" under ss. 99.152 and 99.153, F.S.
AS TO QUESTION 1:
This question was recently considered in AGO 074-44. There I concluded that, although the question is not entirely free from doubt, it appears to be the intent of the legislature to exclude candidates for the offices of Representative to Congress and United States Senator from both the limitations on contributions in s. 8(1) of Ch. 73-128, Laws of Florida [s. 106.08(1), F.S.], as well as from the limitations on expenditures in s. 10 of Ch. 73-128 (s. 106.10, F.S.).
Accordingly, question 1 is answered in the negative.
AS TO QUESTION 2:
The statutory provisions governing the qualification of independent candidates appear at ss. 99.152 and 99.153, F.S. Although those provisions require that a candidate submit his petitions to the appropriate supervisor of elections "no later than thirty-five days prior to the first primary preceding the general election," there is no statutory provision respecting the earliest date upon which an independent candidate may submit his petitions. Similarly, although the supervisors of elections are required to certify the petitions "on or before the day of the first primary," there is no statutory provision respecting the earliest date upon which the petitions may be certified and forwarded to the Department of State. And finally, there is no statutory provision with respect to when the Department of State must notify an independent candidate that he has secured a position on the ballot.
Notwithstanding the absence of a statutory provision establishing the earliest date upon which an independent candidate may or must be notified tht he has secured a position on the ballot and allowed to qualify, I feel certain that the legislature did not intend for independent candidates to be allowed the advantage of qualifying for office prior to the earliest date upon which other candidates are permitted to qualify. It might also be noted that the legislature, in setting the day of the first primary as the deadline for certification of the petitions by the supervisors of elections, perhaps contemplated the earliest qualification date for independent candidates as some date later than the first day of qualification established for candidates who participate in the primaries. In any event, in the absence of further clarification by the legislature or the courts, it may not be presumed that the legislature intended to favor one classification of candidates over another; and I am, accordingly, of the view that independent candidates should not be permitted to qualify for office prior to the first day upon which other candidates are permitted to qualify. This conclusion not only provides for consistency and fairness among independent candidates, but it is also consistent with the overall scheme of the election process and tends to place both independent candidates and candidates nominated through the primary election process on an equal footing in their efforts towards success in the general election.
AS TO QUESTION 3:
Independent candidates, like all other candidates, are subject to the provisions of s. 15(1) of Ch. 73-128, supra [s. 106.15(1), F.S.], which prohibit certain itemized expenditures "prior to qualifying for office." Both ss. 99.152 and 99.153, F.S., provide, with respect to independent candidates:
"The candidate shall, within five days of being . . . notified by the department of state, qualify with the department of state, pay his filing fee, and take and subscribe to the oath provided in s.99.021. The qualification of each candidate to be on the general election ballot shall become official upon his filing with the department of state if the candidate is otherwise qualified to hold the office which he is seeking." (Emphasis supplied.)
Until his qualification has "become official" as provided in ss. 99.152 and 99.153, F.S., an independent candidate cannot make the expenditures prohibited by s. 15(1) of Ch. 73-128 [s. 106.15(1), F.S.].